**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **ROBERTO CAVETT** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-01293** |
| | ) | **Campbell/Holmes** |
| **TRANS UNION, LLC** | ) | |

**O R D E R**

Plaintiff's motion (Docket Entry No. 43) for an extension of time to file an amended complaint is **GRANTED**. Plaintiff is given an extension until **May 1, 2026**, to file his amended complaint.[1] Upon the filing of the amended complaint, Defendant shall have thirty (30) days to file a response.

Plaintiff's motion (Docket Entry No. 44) to strike Defendant's request for attorney fees is **DENIED**. Rule 12(f) of the Federal Rules of Civil Procedure permits a motion to strike in only limited circumstances, and opposing a request for attorney fees is not one of those circumstances. Thus, the motion is procedurally improper. Further, contrary to Plaintiff's assertion, there is not a motion from Defendant for attorney fees that is currently pending. If the payment of attorney fees becomes an issue, Plaintiff will be given the opportunity to raise arguments in opposition.

Plaintiff's motion (Docket Entry No. 45) to strike scandalous and impertinent language is **DENIED**. The Court finds no basis supporting Plaintiff's motion. The language from Defendant that is referenced in his motion is unremarkable and does not require being stricken.

---

[1] Plaintiff states in his motion that his receipt of the February 25, 2026, Order that set the original deadline for filing the amended complaint was delayed because he changed his mailing address on or about February 3, 2026. However, Plaintiff's current motion is the first notice of his change of mailing address. **Plaintiff is advised that he must promptly file a change of address notice each time his mailing address changes. If he fails to do so in the future, he will bear any consequences arising from the delayed receipt of Court mail that was sent to what may be an outdated address of record, including expiration of deadlines.**

Plaintiff has also filed a "reply in support of motions for partial summary judgment." *See* Docket Entry No. 46. This filing is unnecessary and moot. By Order entered February 25, 2026, the Court denied Plaintiff's motions for summary judgment as premature and procedurally improper. *See* Docket Entry No. 40 at 2.

The Clerk is directed to send to Plaintiff a copy of the docket sheet along with this Order.

Any party objecting to this Order must do so by filing a **motion for review** no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

BARBARA D. HOLMES
United States Magistrate Judge

2